TASHIMA, Circuit Judge,
dissenting:
Although I agree with the majority’s conclusion that Montana law applies, I disagree that United Fire had a duty to defend its insured, National Contract Services. In arriving at 'its duty-to-defend conclusion, the majority reasons that the Premises Endorsement may be construed in favor of coverage. The Premises Endorsement, which modifies the Policies, limits coverage to a specified physical location: National Contract’s 12,000 square *818 foot office-in St. George, Utah. Given this limitation, the majority’s interpretation of the Premises Endorsement relies on a number faulty premises and conclusions. I therefore dissent.
1. The underlying complaint does not mention St. George, Utah. See Tidyman’s Mgmt. Servs. Inc. v. Davis, 376 Mont. 80, 330 P.3d 1139, 1149 (2014) (“The duty to defend arises when a complaint against an insured alleges facts which, if proved, would result in coverage.”). It alleges that National Contract is a citizen of Nevada and Montana. It also alleges that National Contract negligently provided program materials and services, leading to the bodily injury in Sanders County, Montana. But nowhere does the complaint allege that National Contract committed these negligent acts — or otherwise conducted any business connected with the underlying incident — in St. George, or even Utah.
2. The majority concludes that the Policies cannot be read as limiting coverage to occurrences tied to the St, George premises, because that would “be inconsistent with the Policies’ definition of the ‘coverage territory,’ which includes, inter alia, all of the United States.” But this reasoning overlooks that the Premises Endorsement specifically provides that [t]his endorsement modifies the insurance provided under” the Policies, by narrowing the originally broad grant of coverage. Thus, by its plain and unambiguous terms, the Premises Endorsement is designed to override and narrow the geographic coverage provided by the Policies.
3. Finally, interpreting the Policies to require coverage under the allegations of the underlying complaint renders the Premises Endorsement superfluous. An insurance policy must be read “as a whole ... to give each [part] meaning and effect.” Newbury v. State Farm Fire & Cas. Ins. Co. of Bloomington, III., 343 Mont. 279, 184 P.3d 1021, 1025 (2008). The district court reasoned that the underlying complaint concerning events in Montana triggered coverage because the Premises Endorsement covers “operations necessary or incidental to [the] premises,” i.e., National Contract’s office in St. George. However, because the Endorsement is a modification to the general form Policies, it must, in some way, differ from the initial grant of coverage provided for by the Policies; otherwise, it serves no function — it is completely meaningless surplusage. By conflating the term “premises” with “business,” the district court read the Premises Endorsement as covering any damages arising from National Contract’s business. This reading is effectively coextensive with the initial, limitless grant of coverage before that coverage was limited by the Premises Endorsement: damages caused by an occurrence anywhere in the United States, for which National Contract is responsible.
[[Image here]]
Because the underlying complaint cannot be read to trigger coverage under the Policies, as modified by the Premises Endorsement, I respectfully dissent.